UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| EMMANUEL M. KOMANDU | NO. 10-0105-BAJ-DLD |

**O R D E R**

This matter comes before the Court on the defendant's Ex Parte Motion to Request Sentencing Transcripts, rec.doc.no. 73, which motion has been referred to the undersigned Magistrate Judge. See rec.doc.no. 74.

Pursuant to Judgment entered on January 6, 2011, the defendant was convicted and sentenced to serve forty-eight (48) months in confinement (together with restitution in the amount of $302,811.00 and with a three-year period of supervised probation after release) on one count of Conspiracy to Commit Health Care Fraud, a violation of 18 U.S.C. 1349. In the instant motion, the defendant now asserts that he is "attempting" to file a motion challenging his conviction and sentence pursuant to 28 U.S.C. § 2255 and, to this end, he requests copies of his sentencing minutes and transcript at government expense.

Pursuant to 28 U.S.C. § 2250, an indigent defendant has a statutory right to obtain copies of court documents at government expense so long as he has filed a request for habeas relief under 28 U.S.C. § 2255. See United States v. Agbomire, 239 Fed.Appx. 929 (5th Cir. 2007), citing Walker v. United States, 424 F.2d 278 (5th Cir. 1970). See also 28 U.S.C. § 753(f). However, a defendant is not entitled to a free copy of pertinent transcripts unless he has in fact filed an application for habeas relief, and the application is pending in the district court. United States v. Resendez Paz, 72 Fed.Appx. 233 (5th Cir. 2003); Walker v. United States, supra. In addition, a determination regarding the defendant's entitlement to obtain free copies of court documents turns upon whether the defendant is indigent and whether the Court determines and certifies, in its discretion, that the documents or transcript are

Copy sent by chambers

needed to decide a non-frivolous issue presented by the defendant's claim. 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976). Finally, the Fifth Circuit has held that "a federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error." Walker v. United States, supra.

In the instant case, at the time that the defendant filed his motion for copies of transcripts, he did not have pending before this Court an application for habeas relief under 28 U.S.C. § 2255. Accordingly, he has no right to copies of the requested documents at government expense. See United States v. Peralta-Ramirez, 266 Fed.Appx. 360 (5th Cir. 2008) ("When Peralta filed his motions for court documents in the district court, he did not have a § 2255 motion pending before the district court. Thus, Peralta is not entitled to receive the documents in question"); United States v. Agbomire, supra (same). For this reason, the defendant's motion shall be denied.

Finally, inasmuch as the defendant now has limited time within which to meet the one-year deadline to file an application for habeas relief under 28 U.S.C. § 2255, which runs from the date of finality of his conviction, the Court will attach to the defendant's service copy of this Order a blank form for the submission of such an application. In addition, the Court will send, by facsimile transmission, a service copy of this Order to the defendant at his record address and will instruct prison officials to hand-deliver a copy of this Order to the defendant on this date. The defendant is further advised that a subsequent application for habeas relief shall be considered filed with the Court on the date that he provides same to prison officials, in proper form, for mailing to the Court. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

Signed in Baton Rouge, Louisiana, on January 4, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**