UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

EMMANUEL M. KOMANDU                             NUMBER 10-105-BAJ-SCR


### NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 11, 2013.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION

EMMANUEL M. KOMANDU                        NUMBER 10-105-BAJ-SCR

### <u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Emmanuel M. Komandu.  Record document numbers 81.

### I. Procedural History

Petitioner entered a guilty plea to one count of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349 in the United States District Court for the Middle District of Louisiana. Petitioner was sentenced to serve a 48 month term of imprisonment, and upon release from imprisonment, to serve a three year term of supervised release.  Judgment was imposed on January 6, 2011. Petitioner did not appeal his conviction or sentence.

Petitioner signed his § 2255 motion on November 5, 2012 and it was filed on November 9, 2012.  Petitioner raised the following grounds for relief: (1) he was denied effective assistance of counsel when counsel failed to file a notice of appeal; (2) he was denied effective assistance of counsel when counsel failed to

introduce mitigating evidence at sentencing and there was insufficient evidence to support the conviction; (3) he was denied effective assistance of counsel when counsel failed to challenge the court's erroneous intended loss calculation; and (4) he was denied effective assistance of counsel during plea negotiations and during sentencing.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

## II. Applicable Law and Analysis

Under § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner in custody under sentence of a court established by Act of Congress has a one year period within which to file a motion to vacate, set aside or correct the sentence. The limitation period would normally run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2255(f). A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari is finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6 (1987).

Petitioner's conviction became final on January 20, 2011.[1]

---

[1] In a criminal case, a defendant's notice of appeal must be
(continued...)

From the date the petitioner's conviction became final until November 5, 2012, the date petitioner signed his § 2255 motion, more than one year of the limitations period elapsed. Petitioner's § 2255 motion was not timely filed.

There is no basis in the record for equitable tolling. AEDPA's statutory limitations are "subject to equitable tolling in appropriate cases." *Holland v. Florida*, _____ U.S. _____, _____, 130 S.Ct. 2549, 2560 (2010). A "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005)); *see United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009) (discussing equitable tolling of § 2255 petition). The "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (citation and internal quotation marks omitted). "Equitable tolling is permissible only in rare and exceptional circumstances." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citation and internal quotation marks omitted). Equitable tolling under § 2255(f) is not extended to instances of "excusable neglect."

---

[1](...continued)
filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed or the filing of the government's notice of appeal. Rule 4(b)(1)(A)(I), Fed.R.App.P.

*United States v. Kirkham*, 367 Fed.Appx. 539, 541 (5th Cir. 2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458 (1990)).

Equitable tolling is not permissible here because the petitioner did not "pursu[e] his rights diligently." *Holland*, 130 S.Ct. 2562.  On January 4, 2012, this court placed the petitioner on notice that he had a limited time in which to meet the one-year deadline to file an application for habeas corpus relief pursuant to 28 U.S.C. § 2255.[2]  In spite of this court's warning, the petitioner took no further action for an additional 10 months.

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence, as supplemented, be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2255.

Baton Rouge, Louisiana, March 11, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document number 75, p. 2.

4